

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.

/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| LORI ANN SKIDMORE, | ) CASE NO. 11-61526 |
| | ) |
| Debtor. | ) ADV. NO. 11-6071 |
| | ) |
| WAYNE SAVINGS COMMUNITY BANK, | ) JUDGE RUSS KENDIG |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM OF OPINION** |
| v. | ) **(NOT FOR PUBLICATION)** |
| | ) |
| LORI ANN SKIDMORE, | ) |
| | ) |
| Defendant. | ) |

Plaintiff filed a motion for default judgment based on Defendant-debtor's ("Debtor") failure to answer the complaint. Debtor responded, pro se. Debtor's response includes a request to dismiss the complaint and, alternatively, to file an answer. No reply was filed following Debtor's response.

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## PROCEDURAL BACKGROUND AND FACTS

This adversary is tied to claims pending in the probate court of Medina County. Debtor was the guardian of Frances Lynn Gray ("Gray"). Gray is suing both Debtor and Plaintiff for alleged breaches of duty related to guardianship accounts. Plaintiff filed a cross-claim in the probate court action and is seeking indemnification from Debtor.

Plaintiff filed this adversary on August 29, 2011, alleging nondischargeability under 11 U.S.C. § 523(a)(4) and (6). The proof of service for the summons and complaint certifies that service was made on September 1, 2011. Debtor did not answer the complaint.

Following a period of inaction in this adversary, the court issued a Notice of Proposed Dismissal for lack of prosecution. Plaintiff's then submitted a motion for default judgment. On December 5, 2011, Debtor filed a pro se response to the motion for default judgment.

## LAW AND ANALYSIS

### I. Motion for Default Judgment

Defaults are governed by Federal Rule of Civil Procedure 55, adopted into bankruptcy practice by Federal Rule of Bankruptcy Procedure 7055. Default judgment is not a matter of right, but is subject to the court's discretion. Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc., 2010 WL 1655536 (N.D. Ohio 2010) (unreported) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civ. 3d § 2685 (1998) (footnotes omitted)). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983). The Sixth Circuit has identified the following considerations for Rule 55(b)(2) review:

> When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits.

Russell v. City of Farmington Hills, 34 Fed.Appx. 196, 198 (6th Cir. 2002) (citations omitted).

Upon inspection of the record, the court declines to enter default judgment in favor of Plaintiff. First, the court finds minimal prejudice to Plaintiff in allowing this case to proceed on

its merits. Timing issues drive this finding. At the time the motion for default judgment was filed, the adversary had been pending for just over two months. Although Debtor's answer was due on or about October 1, 2011, Plaintiff sought default judgment only after prompted by the court. Between October 1, 2011 and November 8, 2011, Plaintiff had taken no action to prosecute its claims against Debtor. Debtor timely responded to the motion for default judgment. Further, none of the parties have attempted to move the underlying case forward, through a motion for relief from stay or a removal action, since the bankruptcy case filing in May.

Second, Debtor represents that there was a miscommunication and she was not aware she had to file an answer in this adversary. The court finds some confusion understandable. While the state court probate case was a single action, two adversary proceedings have been filed in the bankruptcy court relating to that action. One adversary was initiated by Gray, the other by Plaintiff. The court notes Debtor did file an answer in the Gray adversary proceeding.

Third, Debtor's liability in the probate case has not been determined, so questions of law and fact remain in dispute. Debtor listed a $30,000 claim to Gray in her petition.[1] At the time of filing, she disclosed income of $300 per month. The amount at stake is in the underlying matter is therefore material to Debtor.

## II. Motion to Dismiss

Debtor requests dismissal of the complaint "due to the fact that it has not been judged that the defendant [Debtor] actually owed the plaintiff monies . . . ." (Debtor's Resp., doc. 10). The court interprets this as a motion under Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012. The premise of the motion is an alleged failure to state a claim.

The court must view well-pled facts in a complaint as true when determining whether to dismiss for failure to state a claim. Stewart v. Lucas Cnty. Juvenile Court, 2009 WL 3242053 (N.D. Ohio 2009) (citing Erickson v. Pardus, 551 U.S. 89 (2007)). As Plaintiff notes in paragraph five of its adversary complaint, it is a potential creditor of Debtor. Plaintiff has outlined facts which, taken as true, set forth a claim upon which relief may be granted. Although Debtor's liability has not been determined, that does not preclude a determination of liability and dischargeability of any debt which may result. Debtor's motion is not well-taken and will be denied.

## III. Motion for Leave to File an Answer

The court interprets Debtor's response to the motion for default judgment to also seek leave to file an answer. The court will grant leave for many of the same reasons it denies

---

[1] It is unclear how Debtor arrived at this figure. Gray's allegations indicate the possibility that more than $100,000 is at issue.

Plaintiff's motion for default judgment. The court finds no intentional delay on Debtor's part and will allow this case to proceed on the merits.

An order will be issued immediately.

**Service List:**

Peggy J Schmitz
PO Box 599
225 N Market St
Wooster, OH 44691

Lori Ann Skidmore
423 Keen Avenue
Ashland, OH 44805